Approved: _____
          JANE Y. CHONG
          Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN        **21 MAG 5080**
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA              :    **SEALED COMPLAINT**

          - v. -                      :    Violation of
                                           18 U.S.C. §§ 922(g)(1),
RALPH SCURLOCK,                       :    924(a)(2) and 2
     a/k/a "Ralph Melendez,"
                                      :    COUNTY OF OFFENSE:
                   Defendant.              BRONX
                                      :

- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

          VICTOR REYES, being duly sworn, deposes and says that
he is a Detective with the New York City Police Department
("NYPD"), and charges as follows:

                         COUNT ONE

          1.   On or about July 4, 2019, in the Southern
District of New York and elsewhere, RALPH SCURLOCK, the
defendant, knowing he had previously been convicted in a court
of a crime punishable by imprisonment for a term exceeding one
year, knowingly did possess a firearm, to wit, a .25 caliber
semiautomatic Phoenix Arms pistol, and the firearm was in and
affecting commerce.

     (Title 18, United States Code, Sections 922(g)(1), 924(a)(2),
                         and 2.)

          The bases for my knowledge and for the foregoing
charge are, in part, as follows:

          2.   I am a Detective with the NYPD and I have been
personally involved in the investigation of this matter.  This
affidavit is based upon my personal participation in the
investigation of this matter, my conversations with law
enforcement agents, witnesses and others, as well as my

examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.     Based on my review of video footage from surveillance cameras in the vicinity of Grand Avenue and West Tremont Avenue in the Bronx, New York, and a video recording filmed on a witness's ("Witness-1's) cell phone, I have learned the following, among other things:

a.     On or about July 4, 2019, at approximately 11:08 p.m., at the northwest corner of Grand Avenue and West Tremont Avenue, two men engaged in a physical fight on a sidewalk.  A third man (the "Victim") walked up close to the fight and watched as one of the men sat on top of and repeatedly struck the other.

b.     A fourth man (the "Shooter"), wearing a blue hat with a red brim and blue shorts with a red stripe, approached the group and shot the Victim with a firearm.

c.     The first two men fled the scene, while the Shooter and Victim engaged in a physical fight on the sidewalk.

d.     Two objects fell from the Shooter and/or Victim and onto the sidewalk during the fight.

e.     After approximately one and a half minutes, the Victim and Shooter stopped fighting and separately left the scene.

4.     Based on my review of police reports, I have learned the following:

a.     Two 911 calls were placed concerning the shooting on the corner of Grand Avenue and West Tremont Avenue.

b.     Police officers arrived at the scene of the shooting, canvassed the area and recovered two shell casings, a bullet fragment, and a firearm (the "Firearm").  The Firearm was swabbed for DNA.

c.     On or about July 10, 2019, a witness ("Witness-2") provided the NYPD a black TCL phone (the "Phone")

that Witness-2 recovered from the ground after the shooting and which, based on my participation in this investigation, I believe is one of the objects that fell to the ground during the Shooter's struggle with the Victim.

      5.    Based on my review of the Phone's contents pursuant to a judicially authorized search warrant, I know that:

      a.    The owner of the Phone communicated with others using the name "Ralph Melendez," which, based on my participation in this investigation, I believe is another name used by RALPH SCURLOCK, the defendant.

      b.    The Phone contains multiple photographs of firearms, including a black pistol with "Phoenix Arms" stamped on the barrel.

      c.    The Phone also contains multiple photographs of an individual wearing a blue hat with a red brim and blue shorts with a red stripe, which appears to match the clothing of the Shooter in the surveillance videos.

      6.    Based on my comparison of law enforcement photographs of RALPH SCURLOCK, the defendant, with photographs retrieved from the Phone, the surveillance footage, and the witness's cell phone video, I believe that the Shooter is SCURLOCK.

      7.    Based on my review of an NYPD laboratory report, I have learned that the Firearm is a .25 caliber semiautomatic Phoenix Arms pistol, and that it was loaded with one bullet in the chamber and one bullet in the magazine.  I have also learned that the two recovered shell casings were discharged from the Firearm.[1]

      8.    Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, I am aware that the Firearm was not manufactured in New York.

      9.    Based on my review of a report from the Office of the Chief Medical Examiner ("OCME") and a related NYPD report regarding a DNA hit notification, I have learned that swabs of

---

[1] The recovered bullet was also tested but the results were inconclusive as to whether it had been discharged from the Firearm.

the Firearm yielded a sufficient concentration of DNA for analysis.  The DNA was a match for RALPH SCURLOCK, the defendant.

10.  I have reviewed a criminal history report for RALPH SCURLOCK, the defendant, from which I have learned that:

a.  On or about November 15, 2011, in Bronx County Supreme Court, SCURLOCK was convicted of knowingly making/possessing dangerous contraband in prison in the first degree, in violation of New York Penal Law Section 205.25, and sentenced to two to four years' imprisonment.

b.  On or about December 10, 2007, in Bronx County Supreme Court, SCURLOCK was convicted of armed robbery in the second degree, in violation of New York Penal Law Section 160.10, and sentenced to three years' imprisonment.

c.  On or about July 21, 2004, in Bronx County Supreme Court, SCURLOCK was convicted of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law Section 220.39, and sentenced to two to four years' imprisonment.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of RALPH SCURLOCK, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

/s  authorized electronic signature

_____
Detective VICTOR REYES
New York City Police Department

Sworn to before me this
12th day of May, 2021

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4